### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WABASH ESTATES, LP, and | ) | |
| WASHINGTON VILLAGE ESTATES, LP, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 13-66-GPM |
| | ) | |
| LANCASTER POLLARD MORTGAGE | ) | |
| COMPANY, STEVEN W. KENNEDY, and | ) | |
| U.S. BANK N.A., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court *sua sponte* on the issue of federal subject matter jurisdiction. *See Foster v. Hill,* 497 F.3d 695, 696-97 (7th Cir. 2007) ("It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case."); *Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004) (a district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction").

Plaintiffs Wabash Estates, LP and Washington Village Estates have filed the instant action for breach of fiduciary duty, breach of contract, negligence, negligent misrepresentation, and declaratory judgment (*See* Doc. 2). Plaintiff brings this action on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. 2, ¶ 6).  However, a review of Plaintiffs' complaint reveals numerous flaws in the jurisdictional allegations.

The exercise of federal subject matter jurisdiction in diversity requires generally, of course, that the parties to a case be of diverse state citizenship and that an amount in excess of $75,000,

exclusive of interest and costs, be in controversy.   *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc*., 533 F.3d 542, 547 (7th Cir. 2008).   "For a case to be within the diversity jurisdiction of the federal courts, diversity must be 'complete,' meaning that no plaintiff may be a citizen of the same state as any defendant."   *Fidelity & Deposit Co. of Md. v. City of Sheboygan Falls*, 713 F.2d 1261, 1264 (7th Cir. 1983).

First, Plaintiffs' jurisdictional allegations with regard to the limited partnerships are *woefully deficient*.   The "identity and citizenship of the partners, [are] vital bits of information because a limited partnership has the citizenships of each partner, general and limited." *Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58 (7th. Cir. 1996) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990)).   "If even one investor in an LP or LLC has the same citizenship as any party on the other side of the litigation, complete diversity is missing and the suit must be dismissed." *White Pearl Inversiones S.A. (Uruguay) v. Cemusa, Inc.*, 647 F.3d 684, 686 (7th Cir. 2011).

Moreover, Plaintiffs have made jurisdictional allegations based upon information and belief (*See* Doc. 2, ¶ 4).   It is well settled in the Seventh Circuit that jurisdictional allegations based upon information and belief is insufficient to establish federal subject matter jurisdiction. *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (per curiam).   "[S]ubject matter jurisdiction must be a matter of certainty and not of probabilities (however high)."   *Murphy v. Schering Corp.*, 878 F. Supp. 124, 125-26 (N.D. Ill. 1995).

Plaintiffs have also alleged "Defendant Kennedy was and is at all relevant times a resident of the State of Ohio." (Doc. 2, ¶ 4).   A party's residence is not relevant in establishing federal subject matter jurisdiction in diversity.   Rather, the party's *citizenship* is the only relevant

question under 28 U.S.C. § 1332. *Pollution Control Industries of America, Inc. v. Van Gundy,* 21

F.3d 152, 155 (7th Cir. 1994).

Finally, the Court must address Plaintiffs' jurisdictional defects with respect to Defendant

U.S. Bank, N.A., a nationally chartered banking association (Doc. 2, ¶ 5).   For purposes of federal

diversity jurisdiction, the citizenship of a national banking association is determined by reference

to both the national banking association's principal place of business and "the state listed in its

organization certificate."   *Firstar Bank, N.A. v. Faul*, 253 F.3d 982, 994 (7th Cir. 2001) (citing 28

U.S.C. § 1348).   *See also Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006);

*Deutsche Bank Nat'l Trust Co. v. King*, Civil No. 10-331-GPM, 2010 WL 1874472, at *1

(S.D. Ill. May 7, 2010).   The principal place of business of an organization means, in turn, the

state where the organization maintains its headquarters or "nerve center."   *See Hertz Corp. v.*

*Friend*, 130 S. Ct. 1181, 1192-95 (2010); *Wachovia Bank v. Schmidt*, 546 U.S. 303, 317 n.9

(2006); *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986).

Accordingly, Plaintiffs are **ORDERED** to file an amended complaint that corrects the

defects in its pleading of the Court's subject matter jurisdiction.   Plaintiffs' amended complaint

must be filed on or before **February 8, 2013**.   If Plaintiff fails to file an amended complaint in the

manner and time prescribed or if, after reviewing it, the Court finds that Plaintiffs cannot establish

federal subject matter jurisdiction, the Court will dismiss the action for lack of jurisdiction.   *See*

*Guaranty Nat'l Title Co*, 101 F.3d at 59 (7th Cir. 1996).

**IT IS SO ORDERED.**

**DATED**: January 25, 2013

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge